UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JIVONNIE JONES,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 1:18-cv-514

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on grounds of immunity and failure to state a claim.

## Discussion

    I.    <u>Factual Allegations</u>

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Woodland Correctional Facility (WCC) in Whitmore Lake, Livingston County,

Michigan. The events about which he complains occurred principally at that facility. But, Plaintiff challenges the convictions that resulted in his incarceration as well as the conditions of confinement. Those convictions occurred in the Muskegon County Circuit Court.

Plaintiff's complaint is not a model of clarity. It is a far cry from the short and plain statement of claim contemplated by Federal Rule of Civil Procedure 8.

By local rule, prisoners filing complaints under the Civil Rights Act must bring their claims following the form specified by the Court. W.D. Mich. LCivR 5.6(a). Plaintiff submitted his complaint on the Court-approved form. The form asks the prisoner to identify the defendant(s) in two places in the complaint: in the caption and in a section titled "Parties." *See* (Compl., ECF No. 1, PageID.1-2.) In the caption, Plaintiff identifies only the State of Michigan as a defendant. (*Id.*, PageID.1.) In the section titled "Parties" Plaintiff alleges again that Michigan is a defendant; then he references the Michigan Department of Corrections and "everyone involved." (*Id.*, PageID.2.)

After the identification of parties, the form complaint invites the prisoner to submit a brief statement of claim recounting the facts of his or her case. (*Id.*) The prisoner is instructed to describe how each defendant is involved and to "[i]nclude also the names of other persons involved, dates and places." (*Id.*)

Plaintiff's statement of claim lists four separate claims. The first, titled "unlawful imprisonment," offers no facts. Instead, it simply includes a list of persons and entities Plaintiff apparently contends played some role in his imprisonment: the Muskegon Heights Police Department, the Muskegon Prosecutor's Office, the Muskegon Public Defender's Office, the Muskegon County Sheriff's Department, Muskegon County Community Mental Health, the

Muskegon circuit and district court, judges from those courts, and Defendant Michigan Department of Corrections. (*Id.*)

Plaintiff describes his second claim as deliberate indifference to a serious medical need. (*Id.*) He identifies Defendant MDOC and WCC as the entities involved. (*Id.*) The medical need is "some sort of infection." (*Id.*)

Plaintiff's third claim is a reiteration of his first claim. This time he describes it as "wrongful enslavement." (*Id.*)

Finally, Plaintiff claims he was unlawfully forced to take unnecessary medication by Defendant MDOC and Community Mental Health of Muskegon County. (*Id.*)

Plaintiff supports his completed form complaint with a five-page handwritten statement (*Id.*, PageID.7-11) and over two-hundred fifty pages of exhibits (*Id.*, PageID.13-273). Plaintiff's exhibits provide a detailed, almost day-by-day picture of his incarceration and treatment at WCC, as well as insight into the Muskegon County criminal cases against him. (*Id.*) The exhibits include many more individuals and entities that bear some relationship to the claims Plaintiff has raised.

Plaintiff seeks damages of $20,000,000.00 and "a complete change to the criminal justice system . . . ." (*Id.*, PageID.4.)

II. Failure to State a Claim

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Thus, dismissal is appropriate where the plaintiff fails to plead sufficient factual content to permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007). Dismissal for failure to state a claim is also appropriate where the allegations, taken as true, establish that relief is barred by an affirmative defense such as failure to exhaust administrative remedies, statute of limitations, or absolute immunity. *Jones*, 549 U.S. at 215. Here, Plaintiff's allegations establish that the relief he requests against the State of Michigan and the MDOC is barred by sovereign immunity under the Eleventh Amendment.

### A. Immunity

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

Taking Plaintiff's allegations as true, the MDOC's defense of sovereign immunity is apparent on the face of the complaint. Therefore, the Court will dismiss Plaintiff's claims against

the State of Michigan and the MDOC because Plaintiff has failed to state a claim upon which relief can be granted.

### B. Failure to Adequately Identify Other Defendants

Plaintiff's allegations against "everyone involved" also fail to state a claim. Plaintiff may not simply name a category of defendants comprised of "everyone involved." "Everyone involved" is not a legal entity subject to suit. If Plaintiff intended the description to serve as a "John Doe" designation for all the persons and entities referenced in his complaint or exhibits, such a description is simply too vague to provide fair notice that Plaintiff has raised a claim against a particular person or entity. *See, e.g., Partin v. Parris,* No. 17-6172, 2018 WL 1631663, at *2 (6th Cir. Mar. 20, 2018) ("[T]he district court correctly determined that "Medical Service" was too vague a designation to adequately identify any particular entity or defendant."); *Bumpas v. Corrections Corp. of America*, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) ("[T]he plaintiff simply cannot generally name the "unit staff" or a "management team" as a defendant intending to encompass all members of those working groups."); *Resch v. Health Unit Manager*, No. 10-CV-14323, 2012 WL 4175436, at *1 (E.D. Mich. Jan. 30, 2012) report and recommendation adopted (Sept. 19, 2012) ("[T]he description "health unit manager" was too vague to allow anyone to be identified.").

### C. Failure to Allege Plausible § 1983 Claims

Even if Plaintiff were to name as Defendants the individuals or entities otherwise referenced in his complaint or exhibits, he would fare no better. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

5

suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff attempts to raise Fourteenth Amendment due process claims relating to his Muskegon County Circuit Court criminal convictions and Eighth Amendment claims for deliberate indifference to his serious medical needs.

1. the *Heck* bar

Plaintiff seeks injunctive and monetary relief for alleged violations of Constitutional rights relating to his convictions. His claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations clearly call into question the validity of his convictions. Plaintiff's handwritten statement identifies how his constitutional rights were violated in connection with each prosecution. Indeed, he specifically asks the Court to intervene in the prosecution of a first-degree criminal sexual conduct charge that is still pending.

Plaintiff's convictions have not been reversed or otherwise declared invalid. His direct appeal is pending in the Michigan Court of Appeals. *See* http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx (search case # 342000) (last visited June 27, 2018). Therefore, his claims are barred under *Heck*.

### 2. deliberate indifference to a serious medical need

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Plaintiff's allegations provide no insight into the seriousness of his medical condition(s). Thus, his claim fails with regard to the objective component. It also fails as to the subjective component. Plaintiff alleges no facts from which the Court might infer that his care providers were aware that a substantial risk of serious harm to Plaintiff existed or that they knowingly disregarded such a risk. To the contrary, Plaintiff's exhibits suggest that Plaintiff received regular and ongoing care for his medical conditions.

Plaintiff's Eighth Amendment claim would also fail if he named one of the referenced municipalities as a Defendant. A municipality such as the City of Muskegon Heights or the County of Muskegon may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*,

562 U.S. 29, 37 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the court must initially determine whether a policy or custom caused the injury. *Doe v. Claiborne Cty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that he incurred the particular injury because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509.

Plaintiff's complaint fails to identify any such policy on behalf of any potential municipal defendant. Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     July 24, 2018                /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  CHIEF UNITED STATES DISTRICT JUDGE